IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Larry J. Sluder, ) | |
| ) | Civil Action No. 3:11-2292-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER AND OPINION** |
| ) | |
| United Insurance Company of America, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

On July 22, 2011, Plaintiff Larry J. Sluder filed an action in the South Carolina Court of Common Pleas against Defendant United Insurance Company of America ("UICA"). ECF No. 1-1 at 2. Plaintiff alleged that UICA's employees had defamed him and intentionally or recklessly inflected severe emotional distress[1] upon him. *Id.* at 6-7. On August 26, 2011, UICA removed the case to this court based on diversity jurisdiction. ECF No. 1. On September 2, 2011, UICA filed a motion to dismiss both counts for failure to state a claim entitling Plaintiff to relief. ECF No. 7; *see* Fed. R. Civ. P. 12(b)(6). With UICA's consent, Plaintiff filed an amended complaint on October 6, 2011. ECF No. 15. On October 20, 2011, UICA filed a Rule 12(b)(6) motion to dismiss the claim for outrage in Plaintiff's amended complaint. ECF No. 16. UICA also filed an answer to Plaintiff's defamation claim, which included the affirmative defense that "[t]he alleged wrongful acts of United's employees were outside their course and scope of employment and were not in furtherance of United's business, and were contrary to United's good faith efforts to comply with all applicable laws." ECF No. 17 at 3.

---

[1] This claim is also referred to as "outrage" under South Carolina law. *See infra*.

1

On November 8, 2011, Plaintiff filed a motion to remand the case to state court, to join additional defendants, and to amend his complaint once again. ECF No. 20. Plaintiff explains that he wishes to add as defendants two UICA employees who were allegedly responsible for the defamation and outrage. ECF No. 20-1 at 2. Plaintiff states that these employees, like him, are citizens of South Carolina, and notes that joining them as parties to this case would destroy the basis for this court to exercise diversity jurisdiction and require a remand to state court. *Id.* at 2-3. To explain his delay in seeking to join these parties, Plaintiff states that "[a]t the time of the filing and service of the Amended Complaint, [he] still did not have solid confirmation of the names of the individual UICA employees that committed the acts complained of in his Complaint and Amended Complaint." *Id.* at 2. Plaintiff also states that the motion to join new parties was prompted by UICA's allegation that any wrongful acts of its employees were outside the course and scope of their employment. *Id.* at 4. Plaintiff argues that "[i]f UICA prevails on its course and scope defense, [he] will be left without a claim unless he joins the nondiverse, employee defendants or files suit against them in state court." *Id.* Finally, Plaintiff seeks to "give more detail to the allegations of the outrage cause of action." *Id.* at 7. Plaintiff contends that he has not acted in bad faith, and that the proposed amendments would not be prejudicial to UICA or futile. *Id.* at 7-8.

On November 28, 2011, UICA filed a response in opposition to Plaintiff's motion. ECF No. 21. UICA argues that Plaintiff's stated reasons for seeking joinder of non-diverse defendants are not convincing, and that Plaintiff's true motivation is to deprive this court of jurisdiction and force remand. *Id.* at 4-6. UICA also argues that Plaintiff has been dilatory in seeking joinder, and that he will not be injured if joinder is denied because he is free to pursue claims against the individual defendants in state court. *Id.* at 6. UICA further contends that

Plaintiff's request to amend the allegations of his claim for infliction of emotional distress should be denied because the proposed amendments would be futile. *Id.* at 7.

### **STANDARD OF REVIEW**

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). The "decision on whether or not to permit joinder of a defendant under these circumstances is committed to the sound discretion of the district court." *Mayes v. Rapoport*, 198 F.3d 457, 462 (4th Cir. 1999). In exercising this discretion, the district court should consider "all relevant factors," including "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Id.* (quotation omitted).

"The court should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "a district court may deny leave if amending the complaint would be futile–that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules." *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008).

A plaintiff's complaint must contain "a short and plain statement of the grounds for the court's jurisdiction" as well as "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotation omitted). A

3

complaint is not sufficient "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted).

**DISCUSSION**

**I.      Plaintiff's Request to Join Additional Defendants**

UICA suggests that Plaintiff is "disingenuous" in claiming that joinder is necessary in light of UICA's affirmative course and scope defense because "th[is] issue has been present from the inception of the case." ECF No. 21 at 5. As UICA notes, Plaintiff's original complaint alleged that the UICA employees responsible for his injury had acted "within the course and scope of their employment." *Id.*; *see* ECF No. 1-1 at 6. However, the court notes that after the case was removed, Plaintiff filed his first amended complaint without seeking to add new non-diverse defendants or otherwise remand the case. Plaintiff did not seek to add these new defendants until UICA filed a partial answer to the amended complaint asserting the course and scope defense. If, as UICA suggests, Plaintiff is determined to thwart federal jurisdiction, it is difficult to see why he would not have taken the first opportunity to add non-diverse defendants. Furthermore, although UICA argues that "it is difficult to imagine how [Plaintiff] could have learned in July that he had been defamed . . . but have no idea for nearly four months who made the defamatory statements," ECF No. 21 at 6, such a situation does not seem especially unlikely.

The court recognizes that UICA has incurred expenses in responding to Plaintiff's first two complaints, and that allowing joinder of additional parties in a new complaint will create some additional cost for UICA. However, on balance, the equities weigh in favor of allowing Plaintiff to sue all the parties he believes to be responsible for defaming him in a single action. Filing a separate action in state court against the individual defendants would of course create

4

additional expense for Plaintiff.  More importantly, such parallel actions would be an inefficient use of judicial resources and would risk inconsistent results.  Accordingly, the court grants Plaintiff's motion to join additional defendants.

**II.      Plaintiff's Request to Amend the Complaint**

In Plaintiff's original complaint, his claim for outrage alleged that "the UICA employees intentionally or recklessly inflected severe emotional distress on [him]."  ECF No. 1-1 at 7.  More specifically, Plaintiff stated that "[t]he publication of the false statements about [him] was so extreme and outrageous that it exceeded all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community."  *Id.*  Plaintiff's first amended complaint clarified that the UICA employees inflicted severe emotional distress "in that they made the false and defamatory statements about [him] with knowledge of their falsity."  ECF No. 15 at 4.  The first amended complaint also included allegedly false statements made by these employees; specifically, that Plaintiff "is a crook," that Plaintiff "steals UICA's business," that Plaintiff "converted a policy of one of his policyholders to cash and took the cash," and that Plaintiff "lies to his policyholders."  *Id.* at 2.

In his proposed second amended complaint, Plaintiff now wishes to include allegations that two UICA employees "made explicit threats to [him] that [he] reasonably believe [sic] to be threats of physical harm."  ECF No. 20-2 at 31.  Furthermore, the proposed second amended complaint removes any reference to false statements in relation to the claim for outrage and instead alleges that "[t]he threats made by the UICA employees . . . were so extreme and outrageous that the making of these threats exceeded all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community."  However, the proposed second amended complaint contains only the four allegedly false statements previously

5

mentioned and does not list any threats made against Plaintiff or describe when any such threats were made.

The court agrees with UICA. Plaintiff's proposed second amended complaint simply tracks the elements of South Carolina's cause of action for outrage and contains no factual matter supporting these allegations. Because the claim for outrage as stated in Plaintiff's proposed second amended complaint would be subject to dismissal for failure to state a claim, Plaintiff's motion to amend the complaint to modify the allegations of his outrage claim is denied as futile.

**III.     UICA's Motion to Dismiss Plaintiff's Claim for Outrage**

UICA has moved to dismiss Plaintiff's claim for outrage as stated in his first amended complaint. Under South Carolina law, a plaintiff asserting a claim for "outrage" must show that (1) the defendant intentionally or recklessly inflicted severe emotional distress; (2) the conduct was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community; (3) the actions of the defendant caused the plaintiff's emotional distress; and (4) the emotional distress suffered by the plaintiff was severe, such that no reasonable person could be expected to endure it. *Ford v. Hutson*, 276 S.E.2d 776 (S.C. 1981). "Initially, the court determines, from the materials before it, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery." *Fleming v. Rose*, 526 S.E.2d 732, 739 (S.C. Ct. App. 2000) (*rev'd on other grounds in Fleming v. Rose*, 567 S.E.2d 857 (S.C. 2002)). "Outrageous conduct" generally requires "hostile or abusive encounters" or "coercive or oppressive conduct." *Id.* Defamation, in itself, does not constitute "outrageous conduct." *See id.*

As described above, the only facts underlying the claim for outrage in Plaintiff's first amended complaint are that UICA employees allegedly made knowingly false statements about Plaintiff to his policyholders. According to the first amended complaint, these employees stated that Plaintiff had lied to and stolen from his policyholders, that Plaintiff had stolen UICA's business, and that Plaintiff "is a crook." ECF No. 15 at 2. Although, as UICA acknowledges, these allegations are sufficient to plead a cause of action for defamation, they describe no conduct beyond the elements of defamation that could arguably be considered "atrocious and utterly intolerable in a civilized community." Additionally, there are no facts suggesting that Plaintiff was subject to "hostile or abusive encounters" or "coercive or oppressive conduct." Because Plaintiff has not provided factual matter sufficient to state a plausible claim for outrage, UICA's motion to dismiss Plaintiff's claim for outrage in the first amended complaint is granted. Furthermore, because Plaintiff has unsuccessfully attempted to remedy this insufficient pleading on two occasions, the claim for outrage is dismissed with prejudice.

## **CONCLUSION**

UICA's September 2, 2011 motion to dismiss is denied as moot. UICA's October 20, 2011 motion for partial dismissal is granted, and Plaintiff's claim for outrage is dismissed with prejudice. Plaintiff's motion to remand, to join additional defendants, and to amend the complaint is denied as to the request to amend and granted as to the request to join additional defendants. The court's ruling on Plaintiff's request to remand is held in abeyance pending Plaintiff's filing of a second amended complaint.

**IT IS ORDERED.**

s/ Margaret B. Seymour
Margaret B. Seymour
Chief United States District Judge

Columbia, South Carolina
April 4, 2011